**Hand-Delivered**

FILED
CHARLOTTE, NC

FEB 03 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT

for the

District of

Division

Case No. 3:26-cv-90-KDB

*(to be filled in by the Clerk's Office)*

EBONY SHERISSE LUCAS

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

REGIONAL ACCEPTANCE CORPORATION

EXPERIAN INFORMATION SOLUTIONS,INC

TRUIST BANK N.A.

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

####    A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | EBONY SHERISSE LUCAS |
| Street Address | 9301 WESTBURY WOODS DRIVE APT A |
| City and County | CHARLOTTE MECKLENBURG |
| State and Zip Code | NC 28277 |
| Telephone Number | 704 790-9027 |
| E-mail Address | BLUZIVA@GMAIL.COM |

####    B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | REGIONAL ACCEPTANCE CORPORATION |
| Job or Title *(if known)* | |
| Street Address | 1424 E FIRE TOWER ROAD |
| City and County | GREENVILLE,   Pitt County |
| State and Zip Code | NC 27858 |
| Telephone Number | 1877-722-7299 |
| E-mail Address *(if known)* | ashley.norris@truist.com &  JMagoon@regacc.com |

Defendant No. 2

| | |
|---|---|
| Name | EXPERIAN INFORMATION SOLUTIONS,INC |
| Job or Title *(if known)* | |
| Street Address | 475 Anton Blvd |
| City and County | Costa Mesa,   Orange County |
| State and Zip Code | CA 92626 |
| Telephone Number | 1-888-397-3742 |
| E-mail Address *(if known)* | N/A |

Defendant No. 3

| | |
|---|---|
| Name | TRUIST BANK N.A. |
| Job or Title *(if known)* | |
| Street Address | 1001 Semmes Avenue |
| City and County | Richmond ,Richmond City |
| State and Zip Code | VA 23224 |
| Telephone Number | 1-844-487-8478 |
| E-mail Address *(if known)* | Donta.wilson@truist.com |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including:

the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.),

the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), and

the Truth in Lending Act (15 U.S.C. § 1601 et seq.).

The Court also has supplemental jurisdiction over Plaintiff's North Carolina state law claims under 28 U.S.C. § 1367.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* EBONY SHERISSE LUCAS , is a citizen of the State of *(name)* NORTH CAROLINA .

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

   and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* ✷ TRUIST BANK N.A. ✷ , is incorporated under

the laws of the State of *(name)*  NORTH CAROLINA , and has its

principal place of business in the State of *(name)*  NORTH CAROLINA .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy  The amount in controversy exceeds $50,000

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $50,000, exclusive of interest and costs, and includes actual damages, statutory damages, treble damages under N.C. Gen. Stat. § 75-16, punitive damages, attorney's fees, and injunctive relief authorized by federal and state law.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Claim 1 – Violation of the Fair Credit Reporting Act (FCRA §1681) – Failure to Conduct a Reasonable Reinvestigation
Plaintiff is entitled to damages and other relief because Defendants failed to maintain accurate credit reporting and did not conduct reasonable reinvestigations.
Defendants: Regional Acceptance Corporation, Experian Information Solutions, Inc.

Facts:

Plaintiff obtained a 2015 Nissan Altima automobile on December 23, 2017.

Plaintiff disputed the account on February 1, 2025.
Plaintiff alleged the account was obsolete and unlawfully re-aged.

Experian contacted only the furnisher (RAC).
Experian accepted furnisher verification without conducting legal analysis.

Experian did not evaluate the seven-year reporting limit.
RAC improperly re-aged the account and reported it as current after the seven-year limit.

Harm: Plaintiff suffered credit harm, denial of credit, and offers of credit only at higher interest rates.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Damages and Relief Requested

Plaintiff has suffered actual damages as a direct result of Defendants' actions, including:

Financial harm – Plaintiff was improperly charged finance fees, including a $1,500 cash down payment that was never lawfully owed, resulting in overpayment.

Credit harm – Plaintiff's credit report reflected a re-aged account after the seven-year reporting limit, causing denial of credit and higher interest rate offers.

Emotional distress – Stress, anxiety, and reputational injury due to inaccurate reporting and debt collection attempts.

Plaintiff seeks:

Return of $1,500 cash down payment from Regional Acceptance Corporation / Truist Bank, N.A.

Actual damages in the amount of $50,000 for financial, credit, and emotional harm.

Punitive/exemplary damages in the amount of $50,000 based on Defendants' willful and knowing violations of federal and state law.

Declaratory relief that Defendants violated FCRA §1681 and North Carolina state law.

Motion for Partial Summary Judgment: Plaintiff requests summary judgment on liability under FCRA §1681 – Failure to Conduct a Reasonable Reinvestigation.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation ✈ EXPERIAN INFORMATION SOLUTIONS,INC ✈

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)*  NORTH CAROLINA _____ , and has its

principal place of business in the State of *(name)*  NORTH CAROLINA .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy  The amount in controversy exceeds $50,000

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $50,000, exclusive of interest and costs, and includes actual damages, statutory damages, treble damages under N.C. Gen. Stat. § 75-16, punitive damages, attorney's fees, and injunctive relief authorized by federal and state law.

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Claim 1 – Violation of the Fair Credit Reporting Act (FCRA §1681i – Failure to Conduct a Reasonable Reinvestigation)
Plaintiff is entitled to damages and other relief because Defendants failed to maintain accurate credit reporting and did not conduct reasonable reinvestigations.
Defendants: Regional Acceptance Corporation, Experian Information Solutions, Inc.

Facts:

Plaintiff obtained a 2015 Nissan Altima automobile on December 23, 2017.

Plaintiff disputed the account on February 5, 2025.
Plaintiff alleged the account was obsolete and unlawfully re-aged.

Experian contacted only the furnisher (RAC).
Experian accepted furnisher verification without conducting legal analysis.

Experian did not evaluate the seven-year reporting limit.
RAC improperly re-aged the account and reported it as current after the seven-year limit.

Harm: Plaintiff suffered credit harm, denial of credit, and offers of credit only at higher interest rates.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Damages and Relief Requested

Plaintiff has suffered actual damages as a direct result of Defendants' actions, including:

Financial harm – Plaintiff was improperly charged finance fees, including a $1,500 cash down payment that was never lawfully owed, resulting in overpayment.

Credit harm – Plaintiff's credit report reflected a re-aged account after the seven-year reporting limit, causing denial of credit and higher interest rate offers.

Emotional distress – Stress, anxiety, and reputational injury due to inaccurate reporting and debt collection attempts.

Plaintiff seeks:

Return of $1,500 cash down payment from Regional Acceptance Corporation / Truist Bank, N.A.

Actual damages in the amount of $50,000 for financial, credit, and emotional harm.

Punitive/exemplary damages in the amount of $50,000 based on Defendants' willful and knowing violations of federal and state law.

Declaratory relief that Defendants violated FCRA §1681i – Failure to Conduct a Reasonable Reinvestigation.

Motion for Partial Summary Judgment: Plaintiff requests summary judgment on liability under FCRA §1681i – Failure to Conduct a Reasonable Reinvestigation.

Page 4 of 5

b.  If the defendant is a corporation

*REGIONAL ACCEPTANCE CORPORATION*
*EXPERIAN INFORMATION SOLUTIONS,INC*

The defendant, *(name)*   TRUIST BANK N.A.                        , is incorporated under

the laws of the State of *(name)*   NORTH CAROLINA              , and has its

principal place of business in the State of *(name)*   NORTH CAROLINA    .

Or is incorporated under the laws of *(foreign nation)*                        ,

and has its principal place of business in *(name)*                        .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**Continued on Seperate Sheets**

3.  The Amount in Controversy   The amount in controversy exceeds $50,000

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $50,000, exclusive of interest and costs, and includes actual damages, statutory damages, treble damages under N.C. Gen. Stat. § 75-16, punitive damages, attorney's fees, and injunctive relief authorized by federal and state law.

---

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Claim 1 – Violation of the Fair Credit Reporting Act (FCRA §1681i – Failure to Conduct a Reasonable Reinvestigation)
Plaintiff is entitled to damages and other relief because Defendants failed to maintain accurate credit reporting and did not conduct reasonable reinvestigations.
Defendants: Regional Acceptance Corporation, Experian Information Solutions, Inc.

Facts:

Plaintiff obtained a 2015 Nissan Altima automobile on December 23, 2017.

Plaintiff disputed the account on February 5, 2025.
Plaintiff alleged the account was obsolete and unlawfully re-aged.

Experian contacted only the furnisher (RAC).
Experian accepted furnisher verification without conducting legal analysis.

Experian did not evaluate the seven-year reporting limit.
RAC improperly re-aged the account and reported it as current after the seven-year limit.

Harm: Plaintiff suffered credit harm, denial of credit, and offers of credit only at higher interest rates.

**Continued On Seperate Sheet →**

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Damages and Relief Requested

Plaintiff has suffered actual damages as a direct result of Defendants' actions, including:

Financial harm – Plaintiff was improperly charged finance fees, including a $1,500 down payment that was never lawfully owed, resulting in overpayment.

Credit harm – Plaintiff's credit report reflected a re-aged account after the seven-year reporting limit, causing denial of credit and higher interest rate offers.

Emotional distress – Stress, anxiety, and reputational injury due to inaccurate reporting and debt collection attempts.

Plaintiff seeks:

Return of $1,500 cash down payment from Regional Acceptance Corporation / Truist Bank, N.A.

Actual damages in the amount of $50,000 for financial, credit, and emotional harm.

Punitive/exemplary damages in the amount of $50,000 based on Defendants' willful and knowing violations of federal and state law.

Declaratory relief that Defendants violated FCRA §1681i and North Carolina state law.

Motion for Partial Summary Judgment: Plaintiff requests summary judgment on liability under FCRA §1681i – Failure to Conduct a Reasonable Reinvestigation.

**Continued on Seperate Sheet →**

## III. CLAIMS FOR RELIEF SECTION

**Claim 1 – Violation of the Fair Credit Reporting Act (FCRA §1681i – Failure to Conduct a Reasonable Reinvestigation)**
 **Defendants: Regional Acceptance Corporation, Experian Information Solutions, Inc.**

**Facts:**

- **Plaintiff obtained a 2015 Nissan Altima automobile on December 23, 2017.**

- **Plaintiff disputed the account on February 5, 2025, alleging the account was obsolete and unlawfully re-aged.**

- **Experian contacted only the furnisher (RAC) and accepted verification without conducting legal analysis.**

- **Experian did not evaluate the seven-year reporting limit.**

- **RAC improperly re-aged the account and reported it as current after the seven-year limit.**

**Harm: Plaintiff suffered credit harm, denial of credit, and offers of credit only at higher interest rates.**

**Claim 2 – Violation of the Fair Debt Collection Practices Act (FDCPA)**
**Defendants: Regional Acceptance Corporation, Truist Bank, N.A. (as affiliate/furnisher)**

**Facts:**

- RAC attempted to collect amounts already discharged, misrepresented amounts owed, and improperly included Plaintiff's $1,500 cash down payment in the finance charge.

- RAC delayed voluntary vehicle pickup, sent notices to Plaintiff's mother's address, and appeared at Plaintiff's place of employment despite knowing the vehicle's location.

- Defendants' actions caused confusion and distress regarding the status and amount of the debt.

**Harm: Plaintiff suffered financial harm, emotional distress, and improper credit reporting.**

**Claim 3 – Violation of the Truth in Lending Act (TILA §1605 – Improper Finance Charge; §1635 – Rescission)**
Defendants: Regional Acceptance Corporation, Truist Bank, N.A.

**Facts:**

- Plaintiff made a $1,500 cash down payment on December 23, 2017, which RAC improperly included in the reported finance charge.

- Plaintiff exercised her rescission rights under TILA §1635.

- Despite rescission, RAC continued to report, attempt collection, and send notices, including showing up at Plaintiff's employment.

- Plaintiff voluntarily returned the vehicle and provided the location to RAC; RAC delayed pickup, causing harassment (Casas v. Carrington Mortgage Services, LLC, 2013 WL 3791516; In re Rimes, 195 B.R. 905).

**Harm:** Plaintiff suffered financial harm, overpayment, emotional distress, and reputational injury.

**Claim 4 – Violation of the Federal Trade Commission Act (FTC Act, 15 U.S.C. §45 – Unfair or Deceptive Acts or Practices)**
 **Defendants: Regional Acceptance Corporation, Truist Bank, N.A., Experian**

**Facts:**

- **Defendants engaged in unfair and deceptive acts by continuing to report, collect, and re-age the account after Plaintiff's rescission and dispute.**

- **Defendants' acts misled Plaintiff regarding her financial obligations and credit standing.**


**Harm: Plaintiff suffered financial harm, emotional distress, and credit denials.**

**Claim 5 – Consumer Financial Protection Act (CFPA, 12 U.S.C. §5531 – Enforcement of Unfair, Deceptive, or Abusive Acts)**
**Defendants: Regional Acceptance Corporation, Truist Bank, N.A.**

**Facts:**

- RAC's continued reporting, collection attempts, and inaccurate account status after Plaintiff exercised rescission constitute abusive and deceptive practices affecting a consumer financial transaction.

- Plaintiff seeks enforcement and relief under this statute, acknowledging this is primarily a private rights section.

**Harm: Plaintiff suffered financial harm, emotional distress, and reputational injury.**

**Claim 6 – Fair Credit Billing Act (FCBA, 15 U.S.C. §1666 et seq.)**
**Defendants: Regional Acceptance Corporation, Truist Bank, N.A.**

**Facts:**

- **RAC failed to accurately reflect payments and finance charges after Plaintiff disputed the account.**

- **RAC's actions caused continued billing inaccuracies.**

**Harm: Plaintiff suffered financial harm, improper charges, and confusion regarding amounts owed.**

Claim 7 – North Carolina Unfair and Deceptive Trade Practices Act (UDTPA, N.C. Gen. Stat. §75-1.1)
 Defendants: RAC, Truist Bank, N.A., Experian

Facts:

- Misrepresentation of account status, finance charges, and credit reporting constitutes unfair and deceptive trade practices.

- Actions were willful and in or affecting commerce.


Harm: Plaintiff suffered financial harm, credit denials, reputational injury, and emotional distress.

**Claim 8 – North Carolina Debt Collection Act (N.C. Gen. Stat. §75-50 et seq.)**
**Defendants: RAC, Truist Bank, N.A.**

**Facts:**

- **Defendants continued furnishing inaccurate information after Plaintiff's dispute, misrepresenting amounts owed.**

- **Defendants engaged in practices prohibited under state debt collection law.**

**Harm: Plaintiff suffered financial harm and emotional distress.**

**Claim 9 – Negligence / Fraud**
 **Defendants: RAC, Truist Bank, N.A., Experian**

**Facts:**

- **Defendants provided inaccurate information, failed to maintain accurate records, and misrepresented finance charges and account status.**

- **Actions caused harm to Plaintiff's credit, finances, and reputation.**

**Harm: Plaintiff suffered financial harm, emotional distress, and credit reporting damage.**



## Damages and Relief Requested section

Plaintiff has suffered **actual damages** as a direct result of Defendants' actions, including:

1. **Financial harm** – Plaintiff was improperly charged finance fees, including a $1,500 cash down payment that was never lawfully owed, resulting in overpayment.

2. **Credit harm** – Plaintiff's credit report reflected a re-aged account after the seven-year reporting limit, causing denial of credit and higher interest rate offers.

3. **Emotional distress** – Stress, anxiety, and reputational injury due to inaccurate reporting and debt collection attempts.

Plaintiff seeks:

- **Return of $1,500 cash down payment** from Regional Acceptance Corporation / Truist Bank, N.A.

- **Actual damages** in the amount of $50,000 for financial, credit, and emotional harm.

# Damages and Relief Request Section (Continued)

IV

- **Punitive/exemplary damages** in the amount of $50,000 based on Defendants' willful and knowing violations of federal and state law.

- **Declaratory relief** that Defendants violated FCRA §1681i and North Carolina state law.

- **Motion for Partial Summary Judgment**: Plaintiff requests summary judgment on liability under **FCRA §1681i – Failure to Conduct a Reasonable Reinvestigation**.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      1/29/26

Signature of Plaintiff          *Ebony Sherisse Lucas*

Printed Name of Plaintiff      EBONY SHERISSE LUCAS

### B.    For Attorneys

Date of signing:

Signature of Attorney          _____
Printed Name of Attorney       _____
Bar Number                     _____
Name of Law Firm               _____
Street Address                 _____
State and Zip Code             _____
Telephone Number               _____
E-mail Address                 _____

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

# CHARLOTTE DIVISION

**Ebony Sherisse Lucas,**
 Plaintiff,

v.

**Regional Acceptance Corporation, an affiliate of Truist Bank, N.A., and Experian Information Solutions, Inc.,**

Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Plaintiff Ebony Sherisse Lucas** ("Plaintiff"), by and through her undersigned counsel (or pro se), alleges as follows:

## PARTIES

1. Plaintiff, Ebony Sherisse Lucas, is an individual residing in Charlotte, North Carolina.

2. Defendant Regional Acceptance Corporation (RAC) is a North Carolina corporation, a subsidiary and/or affiliate of Truist Bank, N.A., engaged in consumer lending and debt collection.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity engaged in credit reporting, headquartered in California, regularly conducting business in North Carolina.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) for claims under FCRA, FDCPA, TILA, FCBA, and related federal statutes.

5. This Court has supplemental jurisdiction over North Carolina state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct business in this District and the events giving rise to the claims occurred here.

## FACTUAL ALLEGATIONS

7. On December 23, 2017, Plaintiff obtained a 2015 Nissan Altima through a consumer credit transaction with RAC.

8. Plaintiff made a $1,500 cash down payment, which RAC improperly included in the finance charge, in violation of 15 U.S.C. § 1605.

9. Plaintiff voluntarily returned the vehicle to RAC and provided her home address for pickup. RAC delayed retrieval, sent notices to Plaintiff's mother's address, and appeared at Plaintiff's place of employment despite knowing the vehicle's location and receiving multiple emails about its location and pickup (Jan 15, 2020 – Feb 2, 2020).

10. Plaintiff exercised her rescission rights under TILA § 1635. RAC continued to report the account inaccurately, attempted collection, and sent notices, constituting violations of TILA § 1635.

11. Plaintiff disputed the account on February 5, 2025, alleging it was obsolete and unlawfully re-aged. Experian contacted only the furnisher, accepted verification without legal analysis, and failed to evaluate the seven-year reporting limit, in violation of FCRA §1681i.

12. In 2025, after the seven-year period had passed, Plaintiff alleges RAC continued re-aging the debt and furnishing inaccurate information to Experian, forcing Plaintiff to file for bankruptcy to ensure removal from her credit report.

13. Plaintiff never gave written instruction to either Experian or RAC to furnish inaccurate or false information on her consumer report, in violation of 15 U.S.C. § 1681b.

14. Plaintiff has suffered actual damages, including emotional distress, financial harm, and reputational injury, as a result of Defendants' actions.

## Preservation of Documents

Plaintiff hereby gives notice to Defendants that all documents, records, electronically stored information, and other materials relevant to the claims asserted herein must be preserved. This includes, but is not limited to, account notes, credit reporting logs, dispute investigation records, policies and procedures, training materials, communications with consumer reporting agencies, payment histories, and any records relating to the inclusion of Plaintiff's down payment in the finance charge. This preservation obligation applies to all formats, including electronic, paper, and archived data, and extends to third parties acting on Defendants' behalf. Failure to preserve relevant evidence may result in adverse inferences, sanctions, or other relief sought from the Court.

## CLAIMS

**Claim 1 – FCRA, 15 U.S.C. § 1681i – Failure to Conduct a Reasonable Reinvestigation**
Plaintiff alleges Experian violated FCRA §1681i by failing to conduct a reasonable reinvestigation of Plaintiff's February 5, 2025 dispute.

**Claim 2 – FDCPA, 15 U.S.C. §§ 1692 et seq.**
RAC's continued attempts to collect, harassment, notices to family and employment, and misrepresentation of the debt constitute violations of the FDCPA.

**Claim 3 – TILA, 15 U.S.C. §§ 1605, 1635**
RAC improperly included Plaintiff's down payment in the finance charge (§1605) and continued reporting/collection after rescission (§1635).

**Claim 4 – North Carolina UDTPA, N.C. Gen. Stat. § 75-1.1**
RAC's misrepresentations, re-aging, and collection practices constitute unfair or deceptive acts.

**Claim 5 – North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 et seq.**
RAC's collection practices and misrepresentations violated North Carolina debt collection laws.

**Claim 6 – Fraud and Negligence**
RAC knowingly misrepresented the account status, improperly re-aged the debt, and failed to apply finance charges correctly, causing harm to Plaintiff.

**Claim 7 – FTC Act §45 & CFPA §5531**
RAC's actions constitute unfair or deceptive acts under the FTC Act and CFPA. Plaintiff seeks enforcement of private rights where applicable.

**Claim 8 – Fair Credit Billing Act (FCBA), 15 U.S.C. §1666 et seq.**
RAC's improper inclusion of the down payment in the finance charge constitutes violations of the FCBA.

## DAMAGES AND RELIEF

15. Plaintiff has suffered actual damages including emotional distress, financial harm, and reputational injury.

16. Plaintiff seeks:
    a. Actual damages in an amount to be determined at trial.
    b. Statutory and treble damages where applicable.
    c. Punitive/exemplary damages for intentional misconduct.
    d. Declaratory relief confirming Defendants' actions violated federal and state law.
    e. Injunctive relief prohibiting further misreporting, collection, or misrepresentation.
    f. Costs, interest, and attorney's fees.
    g. Motion for Partial Summary Judgment (FCRA §1681i) on liability for Experian's failure to conduct a reasonable reinvestigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Award actual, statutory, treble, and punitive damages.

2. Grant declaratory and injunctive relief.

3. Award costs, interest, and attorney's fees.

4. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**

**Ebony Sheriese Lucas**
9301 WestburyWoods Drive Apt A
Charlotte, NC 28277
bluziva@gmail.com Email
704 790-9027
Pro Se Plaintiff

**Dated:** January 30, 2026